UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANNY DAWSON, ) | |
| ) | CASE NO. |
| Plaintiff, ) | |
| ) | TRIAL BY JURY |
| v. ) | DEMANDED |
| ) | |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, a corporation. ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, DANNY DAWSON, by his attorneys, DUNN HARRINGTON LLC, and complaining of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY ("NSRC"), states as follows:

1. Jurisdiction of this Court as to Plaintiff, DANNY DAWSON, and Defendant NSRC, is invoked under the provision of Title U.S.C. Sec. 56 and Title 28 U.S.C. Sec. 1331.

2. The Defendant, NSRC, was at all times relevant to this cause of action a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between various states of the United States, including the Northern District of Indiana.

3. Venue for this cause of action exists in the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. Sec. 1391(b).

4. At all times alleged herein, Plaintiff DANNY DAWSON was employed as a locomotive engineer for Defendant, NSRC, and his duties were in furtherance of interstate commerce.

5. At the time and place aforesaid, both Plaintiff, DANNY DAWSON, and Defendant, NSRC, were subject to an Act of Congress commonly known as the Federal Employers' Liability Act, 45 U.S.C. Sec. 51-60.

6. On or about June 14, 2021, Plaintiff was assigned by Defendant to work as a locomotive engineer in Elkhart, Indiana on the B55 assignment tasked with taking a train from Elkhart, Indiana to a local industry in South Bend, Indiana.

7. At the time and place aforesaid, Plaintiff and his conductor were directed to take their train and wait for further departure instructions on the "early bird track" within Elkhart yard.

8. At the time and place aforesaid, Plaintiff's train was rear ended by another train improperly sent into the same track.

9. As a result of the collision, Plaintiff sustained personal injury to his body, including but not limited to his head, neck, arm and shoulder.

10. At the time and place aforesaid, Plaintiff was acting within the scope of his employment in furtherance of NSRC's business.

11. At the time and place aforesaid, it was Defendant NSRC's duty to Plaintiff to exercise ordinary care to provide Plaintiff with a reasonably safe place in which to work.

12. At the time and place aforesaid, it was Defendant NSRC's duty to comply with all provisions of the Code of Federal Regulations, including but not limited to 49 C.F.R. Section 218-220, *et seq.*

13. At the time and place aforesaid, Defendant possessed a non-delegable duty under the Federal Employers' Liability Act to provide Plaintiff with a reasonably safe place in which to work.

14. At the time and place aforesaid, Defendant NSRC, by and through its conduct or the conduct of its duly authorized agents, was negligent in the following particulars which caused, in whole or in part, injuries to Plaintiff DANNY DAWSON:

   a. In failing to provide Plaintiff with a reasonably safe place in which to work;

   b. In failing to provide point protection to the moving train that struck Plaintiff's train;

   c. In failing to follow its own operating rules related to point protection of movements within the Elkhart yard;

   d. In directing a train down a track that was occupied by Plaintiff's train;

   e. In failing to provide adequate radio communications between crews;

   f. In failing to comply with the requirements of 49 C.F.R. Part 218.99, shoving or pushing movements;

   g. In failing to comply with the requirements of 49 C.F.R. Part 220.49, radio communication used in shoving, backing or pushing movements;

   h. By and through the conduct of its duly authorized agent yardmaster on duty controlling movements within the yard;

   i. By and through the conduct of its duly authorized agent conductor that failed to provide point protection on his shove movement in the yard;

   j. By and through the conduct of its duly authorized agent conductor that failed to stop his train to avoid a collision.

15. Plaintiff DANNY DAWSON sustained personal injuries, disability, pain and suffering, loss of a normal life, medical expense, wage losses and other recoverable damages supported by the evidence and permitted by law resulting, in whole or in part,

from the negligent acts and omissions of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY.

WHEREFORE, Plaintiff, DANNY DAWSON, prays for judgment of damages against Defendant NORFOLK SOUTHERN RAILWAY COMPANY in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever amount the Court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

Respectfully submitted,

By: /s/ Robert E. Harrington, III
Robert E. Harrington, III (#24616-45)
DUNN HARRINGTON LLC
22 W. Washington St., Suite 1500
Chicago, Illinois 60602
Ph: (312) 548-7221
Fx: (312) 548-7223
E-mail: reh@dhinjurylaw.com

*Attorneys for Plaintiff DANNY DAWSON*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| DANNY DAWSON, ) | |
| ) | CASE NO. |
| Plaintiff, ) | |
| ) | TRIAL BY JURY |
| v. ) | DEMANDED |
| ) | |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, a corporation. ) | |

## **JURY DEMAND**

The Plaintiff, DANNY DAWSON, by and through his attorneys, DUNN HARRINGTON LLC, hereby demands trial by jury.

Respectfully submitted,

By:   /s/ Robert E. Harrington, III
       Robert E. Harrington, III (#24616-45)
       DUNN HARRINGTON LLC
       22 W. Washington St., Suite 1500
       Chicago, Illinois 60602
       Ph:   (312) 548-7221
       Fx:   (312) 548-7223
       E-mail:   reh@dhinjurylaw.com

       *Attorneys for Plaintiff DANNY DAWSON*